NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

JAN 19 2022

FOR THE NINTH CIRCUIT

GUSMAN FORTILUS,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    19-70111

Agency No. A209-169-348

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 10, 2021[**]
Pasadena, California

Before:  BERZON and BEA, Circuit Judges, and BENNETT,[***] District Judge.

Gusman Fortilus ("Fortilus"), a native and citizen of Haiti, petitions for

review of a Board of Immigration Appeals ("BIA") decision affirming an

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252. We review the agency's legal conclusions de novo, *Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011), and its factual findings for substantial evidence, *Sinha v. Holder*, 564 F.3d 1015, 1020 (9th Cir. 2009). Substantial evidence review means we must uphold the agency's determination unless the evidence compels a contrary conclusion. *Parada v. Sessions*, 902 F.3d 901, 908–09 (9th Cir. 2018).

The government filed a 28(j) letter conceding that this case should be remanded to the BIA to determine whether Fortilus's notice to appear ("NTA"), which did not contain the date and time of his immigration hearing, triggered the stop-time rule against voluntary departure. *See Posos-Sanchez v. Garland*, 3 F.4th 1176, 1184–86 (9th Cir. 2021) (holding that a deficient NTA followed by multiple deficient notices does not trigger the stop-time rule against accruing continuous presence toward voluntary departure); *Matter of M-F-O-*, 28 I. & N. Dec. 408, 416–17 (BIA Nov. 4, 2021) (holding that an NTA that is deficient under 8 U.S.C. § 1229(a), followed by other deficient notices, does not trigger the stop-time rule).

Accordingly, we grant the petition as to voluntary departure and remand.

Fortilus argues that jurisdiction did not vest in the Immigration Court because the Notice to Appear that he received did not contain the date and time of his immigration hearing, as required by 8 U.S.C. § 1229(a). Fortilus responded to the notices and attended all scheduled hearings.

Jurisdiction vests in the Immigration Court when a charging document, such as a Notice to Appear, is filed. 8 C.F.R. §§ 1003.13, 1003.14(a). These regulations, not 8 U.S.C. § 1229(a), define when jurisdiction vests. *Karingithi v. Whitaker*, 913 F.3d 1158, 1160 (9th Cir. 2019). The relevant section, 8 C.F.R. § 1003.15(b), specifies what information must be contained in the initial notice, and it does not require that the time and date of the hearing be included. *Id*. Fortilus received a Notice of Hearing which contained the information required by 8 C.F.R. § 1003.15(b); therefore jurisdiction vested in the immigration court. *Id*.

Accordingly, we deny the petition as to the jurisdiction issue.

Fortilus argues the BIA erred in finding the IJ did not violate due process when the IJ allowed DHS's counsel to consult a document while questioning Fortilus when Fortilus's counsel did not have the chance to review that document. An alien must show that the violation of procedural due process prejudiced him and present plausible scenarios in which the outcome would have been different. *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 495 (9th Cir. 2007). Fortilus has not shown he was prejudiced.

Instead, Fortilus argues that prejudice may be presumed if there is a statutory violation, and that the IJ's error violated 8 U.S.C. § 1229a(b)(4)(B), which requires that the alien "have a reasonable opportunity to examine the evidence against" him. Fortiilus has not shown the IJ's decision violated that statute. The IJ scheduled a recess to give Fortilus's counsel the opportunity to review the document in question. Further, Fortilus has not posited any ways in which the outcome would have been different had the IJ made a different decision.

Accordingly, we deny the petition as to the claimed violation of due process.

Fortilus argues the BIA erred in not addressing two issues—the adverse credibility finding and the finding Fortilus had firmly resettled in the Dominican Republic and Haiti—because the BIA was able to resolve the case on other bases. The BIA need not make findings that are unnecessary to reach the result it did or to decide the case. *Alfred v. Garland*, 13 F.4th 980, 985 (9th Cir. 2021); *see also INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Accordingly, we deny the petition as to the issue that the BIA erred in not assessing the adverse credibility finding and firm resettlement finding.

Fortilus argues that the IJ and BIA erred in denying his applications for asylum, withholding of removal, and CAT protection.

Applicants for asylum must prove they face persecution on account of a protected ground, such as membership in a particular social group or political opinion, committed by the government or forces the government is unable or unwilling to control. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031–33 (9th Cir. 2014); *Navas v. INS*, 217 F.3d 646, 655–56 (9th Cir. 2000). Fear of generalized harm from criminals or random violence "bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). An inference of nexus between violent conduct and a family relationship is undermined when other family members continue to reside in the area unharmed. *Santos-Lemus v. Mukasey*, 542 F.3d 738, 743 (9th Cir. 2008).

Fortilus described a fear of generalized violence, not violence targeted at a social group comprised of members of his father's family or at him because of imputation to him of his father's political opinion . Fortilus does not know what opinions his father may have espoused or to whom. At least two other members of the family, his mother and brother, have lived in Haiti unharmed since 2004. Fortilus testified that the gang was an organized crime group that had killed people all over the country; that no one reported the 2004 attack to the police, but the police "could have" investigated; and that he does not know if anyone was arrested for the attack. He submitted evidence that shows that in Haiti, "sometimes the authorities use heavy handed approaches" to law enforcement. The record does

not compel the conclusion that Fortilus was targeted because of his membership in a particular social group or because of an imputed political opinion. *See Garcia-Milian*, 755 F.3d at 1033. Substantial evidence supported the denial of his asylum application.

Fortilus failed to show he is eligible for asylum, which has a lower standard of objective reasonableness than withholding of removal, *Wakkary v. Holder*, 558 F.3d 1049, 1053 (9th Cir. 2009), so he has also failed to show he is eligible for withholding of removal, *see Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006); *Pedro-Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir. 2000). Substantial evidence supported the denial of his application for withholding of removal.

An applicant for CAT relief must show that he will more likely than not be tortured with the consent or acquiescence of a public official if removed to his native country. *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). Fortilus did not establish that any group has threatened him or attempted to harm him or his family since 2004, though his relatives continued to live in Haiti. Fortilus has not established that is more likely than not that if returned to Haiti he would be tortured because of his relationship to his father. Fortilus did not provide evidence that the police or other public officials would consent to or acquiesce in a person or group torturing him. Substantial evidence supported the denial of his application for CAT relief.

PETITION FOR REVIEW IS GRANTED IN PART AND DENIED IN PART.